UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Maureen McPadden,
        Plaintiff

        v.                                    Case No. 14-cv-475-SM
                                              Opinion No. 2015 DNH 074
Wal-Mart Stores East, L.P.,
and Jennifer Fonseca,
        Defendants


**O R D E R**


For 18 years, Wal-Mart employed Maureen McPadden as a
pharmacist at its store in Seabrook, New Hampshire.  It
terminated her employment - ostensibly for misplacing a key to
the pharmacy - in November of 2012.  Not long thereafter,
McPadden filed a charge of discrimination with the New Hampshire
Commission for Human Rights.  And, subsequently, she filed this
suit, in which she advances both state and federal claims that
include workplace discrimination, retaliation, failure to
accommodate her disability, invasion of privacy, and negligence.


Wal-Mart moves to dismiss three of McPadden's pending
claims, asserting that they are barred by New Hampshire's
Workers' Compensation law.  For the reasons discussed, that
motion is denied.

**Standard of Review**

When ruling on a motion to dismiss under Fed. R. Civ. P.
12(b)(6), the court must "accept as true all well-pleaded facts
set out in the complaint and indulge all reasonable inferences in
favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st
Cir. 2010). Although the complaint need only contain "a short
and plain statement of the claim showing that the pleader is
entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each
of the essential elements of a viable cause of action and
"contain sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face." Ashcroft v.
Iqbal, 556 U.S. 662, 678 (2009) (citation and internal
punctuation omitted).

**Background**

In her amended complaint, McPadden advances two types of
claims against Wal-Mart. Those in the first category arise out
of her employer-employee relationship with Wal-Mart (e.g.,
workplace discrimination, wrongful termination, etc.). The
second category of claims - those which are implicated in the
pending motion to dismiss - arise out of McPadden's status as a
customer of Wal-Mart's pharmacy in the Salem store, where she had
her personal prescriptions filled.

McPadden says that becoming a customer of Wal-Mart's
pharmacy was not a condition of her employment; rather, she chose
to have her personal prescriptions filled at that location.  She
also says that in order to be a customer, she was required to
(and did) provide private and protected health information as
part of her pharmacy patient profile record.  She claims that in
the fall of 2012, defendant Jennifer Fonseca, a Wal-Mart pharmacy
technician at the Seabrook store, accessed McPadden's private
health information and discovered that she suffered from a
serious medical condition.  McPadden goes on to allege that
Fonseca subsequently disclosed that private and protected medical
information to other employees of the Seabrook store - conduct
McPadden says violated her privacy rights under the common law
and the Health Insurance Portability and Accountability Act (also
known as "HIPAA").

In her amended complaint, McPadden advances three claims
that arise out of that (alleged) conduct: invasion of privacy;
negligent supervision; and negligent infliction of emotional
distress.  Those three counts are the subject of Wal-Mart's
motion to dismiss.

**Discussion**

In support of its motion to dismiss, Wal-Mart asserts that McPadden's tort claims are barred by the exclusivity provisions of New Hampshire's Workers' Compensation Statute, N.H. Rev. Stat. Ann. ("RSA") 281-A:8.  To be sure, "[a]s a general rule, any claim based upon negligence by an employer or co-employee for personal injuries arising out of or in the course of employment is barred by RSA 281-A:8, I(b)."  Karch v. BayBank FSB, 147 N.H. 525, 530 (2002).  The dispositive question is, then, whether the claims and asserted injuries at issue "arise out of" McPadden's employment by Wal-Mart.  They do not.

The New Hampshire Supreme Court has held that for an injury to be subject to the state's workers' compensation law, the party seeking such coverage must prove:

> (1) that the injury arose out of employment by demonstrating that it resulted from a risk created by the employment; and (2) that the injury arose in the course of employment by demonstrating that (A) it occurred within the boundaries of time and space created by the terms of employment; and (B) that it occurred in the performance of an activity related to employment, which may include a personal activity if reasonably expected and not forbidden, or an activity of mutual benefit to employer and employee.

Murphy v. Town of Atkinson, 128 N.H. 641, 645-46 (1986) (emphasis supplied) (citations omitted).  Here, it is plain that Fonseca's alleged disclosure of McPadden's confidential medical

4

information, and McPadden's resulting injuries, did not result from a risk created by McPadden's employment by Wal-Mart.  Nor did her injuries arise in the course of that employment. McPadden's tort claims (with the obvious exception of her wrongful termination claim) arise out of her status as a customer of Wal-Mart's pharmacy, not her status as an employee of Wal-Mart.  Wal-Mart does not argue otherwise.  Such claims are not barred by New Hampshire's Workers' Compensation Law.


## Conclusion

For the foregoing reasons, as well as those set forth in McPadden's legal memorandum (document no. 15), defendants' motion to dismiss counts seven, eight, and nine of the amended complaint (document no. 13) is denied.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 2, 2015

cc:  Richard E. Fradette, Esq.
     Joseph A. Lazazzero, Esq.
     Christopher B. Kaczmarek, Esq.