UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MAUREEN MCPADDEN,<br><br>PLAINTIFF<br><br>v.<br><br>WAL-MART STORES EAST, LP AND<br>JENNIFER FONSECA,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO. 1:14-cv-00475-SM<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION IN LIMINE NO. 3:**
**TO PRECLUDE REFERENCES TO WALMART'S FINANCIAL CONDITION**

Defendants Wal-Mart Stores East, LP and Jennifer Fonseca (collectively, the "Defendants") hereby respectfully move this Court for an order precluding plaintiff Maureen McPadden from offering any evidence concerning Walmart's size, revenue, net worth, financial condition, or comparing the wealth or size of Walmart to that of McPadden, including any comments and references that characterize this case as one involving an individual against a large corporation.   Any such evidence or commentary is not relevant and is immaterial to McPadden's claims.  See Fed. R. Evid. 402; Bartlett v. Mut. Pharm. Co., Inc., No. 08-cv-358-JL, 2010 U.S. Dist. LEXIS 111259, at **25-26 (D.N.H. Aug. 2, 2010), rev'd on other grounds by 133 S.Ct. 2466 (2013) (excluding evidence of defendant's financial status as irrelevant).  Further, any possible probative value of such evidence would be substantially outweighed by the dangers of unfair prejudice to Walmart, confusion of the true issues in controversy, misleading the jury, and undue delay.  See Fed. R. Evid. 403.

For these reasons, courts addressing motions in limine concerning similar appeals to economic or class bias have routinely barred such prejudicial evidence.  See, e.g., Curtis Mfg.

Co., Inc. v. Plasti-Clip Corp., 933 F.Supp. 94 (D.N.H. 1995), rev'd on other grounds by 1998 U.S. App. LEXIS 1771 (Fed. Cir. 1998) (excluding evidence of defendants financial condition as unfairly prejudicial); Cash v. Union Pac. R.R. Co., 2010 U.S. Dist. LEXIS 10041, at *2 (E.D. Ark. Jan. 20, 2010) ("Motion in Limine to prohibit reference to Defendant's size or wealth or that Defendant is an out-of-state corporation is GRANTED."); Maroney v. CSX Transp. Inc., 2010 U.S. Dist. LEXIS 73205, AT *4 (s. d. Ill. July 21, 2010) (granting defendant's motion to bar statements or questions relating to or alluding to defendant's "size, solvency, [or] financial condition"); Gordon v. Wal-Mart Supercenter, 2009 U.S. Dist. LEXIS 106601, at *24 (S.D. Ala. Nov. 12, 2009) ([T]his court finds that there is no probative value in allowing evidence as to either party's wealth or poverty and concludes that there is great prejudice if such evidence is allowed into evidence."); Pearson v. Ill. Cent. R.R., 2008 U.S. Dist. LEXIS 24855, at *2-3 (S.D. Ill. Mar. 27, 2008) (granting defendant's motion "to bar and exclude any reference to Defendant's size, financial condition, wealth, solvency, corporate nature, foreign or out of state residency or ability to pay a verdict or satisfy a judgment in this case [...]his evidence [is] irrelevant, unduly prejudicial, improper and inadmissible"); Borders v. Arch Aluminum & Glass Co., Inc., No. 07-2188-JPO, 2008 WL 5427711, at *3 (D. Kan. Dec. 30, 2008) (granting defendant's motion in limine and excluding "David and Goliath" evidence as irrelevant to the claims at issue).

Courts have been particularly disapproving of comments made by counsel during trial referring to the comparative size and wealth of parties and have held that such prejudicial comments can be grounds for reversal.  See e.g., Draper v. Airco, Inc., 580 F.2d 91, 95 (3d. Cir. 1978) ("Counsel repeatedly made reference to the wealth of the defendants in contrast to the relative poverty of the plaintiff.  Appealing to the sympathy of jurors through references to

financial disparity is improper ... [J]ustice is not dependent upon the wealth or poverty of the parties and a jury should not be urged to predicate its verdict on a prejudice against bigness or wealth.") (emphasis added); Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662, 666 (5th Cir. 1967) ("Counsel appealed to the sympathy and sectional prejudices of the jury; he referred to the bigness and wealth of Brown & Root; he referred to it and its counsel in unjustified terms of abuse and derogation; all of which was improper and inexcusable.") (citations omitted).  For the foregoing reasons, Walmart asks that such prejudicial evidence and statements be prohibited.

Respectfully submitted,

WAL-MART STORES EAST, LP AND
JENNIFER FONSECA

By their attorneys,


/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek (BBO #17890)
Joseph A. Lazazzero (*Admitted pro hac vice*)
**LITTLER MENDELSON, P.C.**
One International Place
Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
ckaczmarek@littler.com
jlazazzaro@littler.com

September 18, 2015

## CERTIFICATE OF SERVICE

I, Christopher B. Kaczmarek, hereby certify that on this 18th day of September, 2015, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek

Firmwide:135723011.1 080000.1051

4