UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MAUREEN MCPADDEN,<br><br>PLAINTIFF<br><br>v.<br><br>WAL-MART STORES EAST, L.P.,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 1:14-cv-00475-SM<br>)<br>)<br>)<br>)<br>)<br>) |

**WALMART'S MOTION IN LIMINE NO. 14: TO PRECLUDE THE
TESTIMONY OF MICHAEL PEERSON**

Defendant Wal-Mart Stores East, L.P. hereby requests that the Court preclude plaintiff Maureen McPadden from introducing the deposition testimony of Michael Peerson at trial. Peerson, who lives and works in Arkansas, was Walmart's Rule 30(b)(6) designee regarding the company's Store Specific Staffing Guidelines ("S3G"). Because the S3G policy (Walmart's current methodology for determining the staffing needs of its pharmacies) was not implemented until August 2013, nine months *after* the termination of McPadden's employment, Peerson's testimony is entirely irrelevant to this case. Moreover, even if the S3G policy is relevant (and it is not), it constitutes a subsequent remedial measure and, therefore, all evidence concerning the policy should be barred pursuant to Rule 407 of the Federal Rules of Evidence. Therefore, the Court should preclude McPadden from introducing the testimony of Peerson at trial.

### I. BACKGROUND

McPadden worked as a Staff Pharmacist at Walmart's Seabrook, New Hampshire location. In 2011, McPadden began complaining to her supervisor, Pharmacy Manager Janice Urbanski, and Urbanski's manager, District Manager David Kelly, about various issues,

1

including the alleged lack of an adequate number of trained pharmacy technicians in the Seabrook pharmacy.

In or around December 2011, Urbanski was replaced by Joshua Varieur and Kelly was replaced by Joseph Certo. After their arrival, McPadden and her colleagues continued to express concerns about staffing levels in the Seabrook pharmacy. Both Varieur and Certo agreed with McPadden that the turnover of pharmacy technicians in Seabrook was problematic. Accordingly, both Varieur and Certo tried to hire more technicians and requested that technicians in other locations provide assistance to the Seabrook pharmacy as needed.

In November 2012, after McPadden had received a series of negative performance evaluations and written warnings, she lost her pharmacy key. As a result, Walmart issued her a second-level coaching, which resulted in the termination of her employment. McPadden now alleges, among other claims, that she was discharged in retaliation for her complaints about staffing conditions in the Seabrook pharmacy.

On December 11, 2015, McPadden conducted the Rule 30(b)(6) deposition of Michael Peerson. He was designated to testify concerning Walmart's implementation of the S3G policy. Peerson testified that the S3G policy (Walmart's current methodology for determining the staffing needs of its pharmacies) did not go into effect until August 2013, nine months after McPadden's termination.

## II.   ARGUMENT

### A.   Testimony Concerning The S3G Policy Is Irrelevant

Walmart anticipates that McPadden will seek to introduce evidence concerning the S3G policy in an attempt to demonstrate that the methods previously used by Walmart to determine its pharmacy staffing needs were ineffective, resulting in understaffing at the Seabrook pharmacy. This argument is flawed for a number of reasons.

First, it is undisputed that the S3G policy was not implemented until nine months after McPadden's termination. Thus, the S3G policy itself is irrelevant to this case.

Second, the issue of whether or not the Seabrook pharmacy was understaffed also is irrelevant to this case. McPadden apparently believes that, if she can show that the pharmacy was understaffed, she will somehow prove that Walmart retaliated against her for reporting the alleged understaffing. To establish her claims, however, McPadden need not show that her accusations of understaffing were true; rather, she is only required to show that she had a good-faith reasonable belief that Walmart had violated the law or permitted conduct that posed a threat to public safety. See Ingalls v. Walgreen E. Co., Inc., No. 10-cv-242-PB, 2011 U.S. Dist. LEXIS 25754, at *14 (D.N.H. Mar. 1, 2011). Accordingly, "whether or not [Walmart] actually violated any law is beside the point." Id. Simply put, "[w]hile [Walmart] is a defendant in plaintiff's wrongful-termination claim, it is not on trial for [understaffing]." Id. at *15 (denying plaintiff's motion to compel evidence related to defendant's alleged wrongdoing that formed the basis for plaintiff's whistleblowing activities).

What is more, Walmart already stipulated that McPadden believed in good faith that the issues she complained about raised public safety concerns. See Defs' Pre-Trial Statement, Doc. 40, at p. 3. Thus, Walmart has conceded that McPadden engaged in protected activity. Therefore, Peerson's testimony regarding the S3G policy, or the staffing situation in Seabrook, is irrelevant.[1]

### B. Introduction Of Peerson's Testimony Will Create Unnecessary Delay

Even if testimony from Peerson was relevant, which it is not, it still should be excluded because any limited probative value of his testimony is far outweighed by the unnecessary and

---

[1] Peerson never worked at the Seabrook pharmacy and was not involved in the decision to terminate McPadden's employment.

unreasonable delay that would result if his testimony is presented to the Jury. See Fed. R. Evid. 403. If Peerson's testimony is permitted, Walmart will need to explain to the Jury: (a) the facts surrounding the creation and implementation of the S3G policy; (b) the nature and extent of Walmart's compliance control processes; and (c) Peerson's lack of involvement in the decision to terminate McPadden's employment. Thus, Peerson's testimony would serve only to unnecessarily delay the trial. Therefore, it should be excluded.

### C. Rule 407 Precludes Introduction Of Evidence Concerning The S3G Policy

Fed. R. Evid. 407 states:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct…

Rule 407 is based on the policy of encouraging potential defendants to remedy dangerous or improper conditions without fear that their actions will be used as evidence against them. A change in a company's policy or practice – such as Walmart's implementation of the S3G policy after McPadden's termination – constitutes a subsequent remedial measure under Rule 407. See Polec v. Northwest Airlines (In re Air Crash Disaster), 86 F.3d 498, 532 (6th Cir. 1996) ("a change in policy is a subsequent remedial measure within the meaning of Fed. R. Evid. 407"); Sandeford v. Plummer, 2010 U.S. Dist. LEXIS 49315, at *31 (N.D. Cal. Apr. 26, 2010) (citing Fed. R. Evid. 407 in holding that: "[T]he Court finds unavailing Plaintiff's claim that the policy change allowing religious headgear constitutes evidence which will prove a First Amendment violation by Defendants prior to the change. . ."). Therefore, the Court should bar McPadden from making any reference to the S3G policy at trial, including via the testimony of Peerson.

### III. CONCLUSION

For the reasons set forth above, Walmart respectfully requests that the Court preclude McPadden from introducing the testimony of Michael Peerson at trial.

Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

January 13, 2016

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek (Bar No 17890)
Joseph A. Lazazzero (*admitted pro hac vice*)
**LITTLER MENDELSON, P.C.**
One International Place, Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
ckaczmarek@littler.com
jlazazzero@littler.com

### CERTIFICATE OF SERVICE

I, Christopher B. Kaczmarek, hereby certify that on this 13th day of January, 2016, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek

137672900.1 080000.1051