UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MAUREEN MCPADDEN,<br><br>PLAINTIFF<br><br>v.<br><br>WAL-MART STORES EAST, L.P.,<br><br>DEFENDANT. | CIVIL ACTION NO. 1:14-cv-00475-SM |

**WALMART'S MOTION IN LIMINE NO. 15:  TO PRECLUDE TESTIMONY FROM JENNIFER FONSECA, DEBORAH GENNA, AND TIFFANY GHENT**

Wal-Mart Stores East, L.P. respectfully requests that the Court preclude plaintiff Maureen McPadden from offering testimony from Jennifer Fonseca, Tiffany Ghent, and Deborah Genna at trial.  The parties previously identified these three individuals as potential witnesses because they had knowledge of Fonseca's alleged disclosure of McPadden's medical information, which formed the basis of McPadden's invasion of privacy claim.  That testimony is irrelevant now because the Court dismissed McPadden's invasion of privacy claim.[1]  McPadden's only remaining claims are against Walmart for unlawful discrimination (disability, leave, and gender), retaliation under the Family and Medical Leave Act, and wrongful termination.  Because Fonseca, Ghent, and Genna were not involved in the decision to terminate McPadden's employment, they cannot offer any testimony relevant to McPadden's remaining claims.  Therefore, the Court should preclude them from testifying at trial.

---

[1]  On November 3, 2015, the Court entered summary judgment for Walmart and Fonseca on McPadden's invasion of privacy claim.  On October 7, 2015, McPadden voluntarily dismissed her negligent supervision claim against Walmart (Count VIII) and her negligent infliction of emotional distress claims against Walmart and Fonseca (Count IX).  See Notice of Voluntary Dismissal, Docket No. 87 and Endorsed Order approving entered on October 23, 2015.  Thus, Fonseca is no longer a party to this case.

I.     ARGUMENT

A.     The Testimony Of Fonseca, Genna, And Ghent Is Irrelevant

McPadden seeks to introduce testimony from Fonseca, Genna, and Ghent regarding Fonseca's alleged comments concerning McPadden's medical information.[2] Given the Court's dismissal of McPadden's invasion of privacy claim, such testimony is irrelevant.

Further, although McPadden alleges that she was discharged in retaliation for her complaint about Fonseca, it is not necessary for McPadden to introduce the testimony of Fonseca, Genna, and/or Ghent to establish that she complained about Fonseca's alleged disclosure of her medical information (a necessary element of her wrongful termination claim). To the contrary, McPadden can do that through her own testimony; and the issue of whether or not Fonseca actually made the comments that McPadden complained about is irrelevant. See Ingalls v. Walgreen E. Co., Inc., No. 10-cv-242-PB, 2011 U.S. Dist. LEXIS 25754, at *14 (D.N.H. Mar. 1, 2011) . Accordingly, the testimony of Fonseca, Genna, and Ghent is irrelevant to McPadden's claims.

B.     Introduction Of Fonseca, Genna And Ghent's Testimony Will Create Unnecessary Delay

Even if testimony from Fonseca, Genna, and Ghent was relevant, which it is not, it still should be excluded because any limited probative value of such evidence is far outweighed by the unnecessary and unreasonable delay that would result if these statements are presented to the Jury. See Fed. R. Evid. 403. If this testimony is admitted, Walmart will need to explain to the Jury:  (a) the nature of Fonseca's alleged comment (which was described differently by different witnesses), (b) the fact that no one other than pharmacy staff – all of whom had access to

---

[2] McPadden's invasion of privacy claim was based on her allegation that pharmacy technician Deborah Genna told McPadden that another pharmacy technician, Jennifer Fonseca, said that McPadden's doctor "called in a prescription for Lorazepam for her. She probably had a nervous breakdown." McPadden also claimed that pharmacy technician Tiffany Ghent had overheard this comment. Fonseca, Genna, and Ghent were all subordinates to McPadden and were not involved in any of Walmart's decisions to discipline McPadden.

McPadden's prescription information – heard that comment, (c) Walmart's policies regarding compliance with HIPAA, (d) McPadden's reporting of the alleged comment, and (e) Walmart's response to McPadden's complaint. Thus, introduction of testimony from Fonseca, Genna, and/or Ghent will serve only to unnecessarily delay the trial and should be excluded.

## II.   CONCLUSION

For the reasons set forth above, Walmart respectfully requests that the Court preclude Jennifer Fonseca, Deborah Genna, and Tiffany Ghent from testifying at trial (either through live testimony or via deposition).

Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek (Bar No 17890)
Joseph A. Lazazzero (*admitted pro hac vice*)
**LITTLER MENDELSON, P.C.**
One International Place, Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
ckaczmarek@littler.com
jlazazzero@littler.com

January 13, 2016

## CERTIFICATE OF SERVICE

I, Christopher B. Kaczmarek, hereby certify that on this 13th day of January, 2016, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek

137816964.1 080000.1051