UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MAUREEN MCPADDEN,<br><br>PLAINTIFF<br><br>v.<br><br>WAL-MART STORES EAST, L.P.,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 1:14-cv-00475-SM<br>)<br>)<br>)<br>)<br>)<br>) |

**WALMART'S MOTION IN LIMINE NO. 16:  TO PRECLUDE TESTIMONY
REGARDING CONDITIONS IN THE SEABROOK, NEW HAMPSHIRE PHARMACY**

Defendant Wal-Mart Stores East, L.P. previously stipulated that plaintiff Maureen McPadden "complained about conditions in the Seabrook pharmacy as early as 2011 and that she believed in good faith that those conditions raised public safety concerns."  Defs. Pre-Trial Statement, docket no. 40, at p. 3.  Accordingly, Walmart concedes that McPadden engaged in protected activity for purposes of her wrongful termination claim and her claim under the whistleblower protection law.  Walmart anticipates that McPadden will seek to introduce evidence at trial concerning the conditions in the Seabrook pharmacy that prompted her to complain to her managers.  In light of Walmart's stipulation, any such evidence is irrelevant.  Moreover, even if this evidence was relevant, which it is not, it would only confuse the Jury, delay the trial, and unduly prejudice Walmart.  Therefore, the Court should preclude McPadden from introducing any evidence at trial regarding the conditions in the Seabrook pharmacy.

I.      ARGUMENT

A.      **Testimony Concerning Conditions In The Seabrook Pharmacy Is Irrelevant**

Walmart stipulated that McPadden complained about conditions in the Seabrook pharmacy as early as 2011 and that she believed, in good faith, that those conditions raised

1

public safety concerns. Accordingly, any evidence concerning the conditions in the Seabrook pharmacy is unnecessary and irrelevant.

McPadden, however, intends to introduce testimony regarding conditions in the Seabrook pharmacy to bolster her contention that the Seabrook pharmacy was understaffed in 2011 and 2012. Thus, McPadden apparently believes that, if she can show that the pharmacy was understaffed, she will somehow prove that Walmart retaliated against her for reporting the alleged understaffing. To establish her claims, however, McPadden need not show that her accusations of understaffing were true; rather, she is only required to show that she had a good-faith reasonable belief that Walmart had violated the law or permitted conduct that posed a threat to public safety. See Ingalls v. Walgreen E. Co., Inc., No. 10-cv-242-PB, 2011 U.S. Dist. LEXIS 25754, at *14 (D.N.H. Mar. 1, 2011). Accordingly, "whether or not [Walmart] actually violated any law is beside the point." Id. Simply put, "[w]hile [Walmart] is a defendant in plaintiff's wrongful-termination claim, it is not on trial for [understaffing]." Id. at *15 (denying plaintiff's motion to compel evidence related to defendant's alleged wrongdoing that formed the basis for plaintiff's whistleblowing activities).

Because Walmart already stipulated that McPadden complained about conditions in the Seabrook pharmacy that she believed, in good faith, raised public safety concerns, evidence regarding conditions in the Seabrook pharmacy is irrelevant.

**B.     References To Conditions In The Seabrook Pharmacy Will Unnecessarily Delay The Trial And Prejudice Walmart**

Even if the conditions in the Seabrook pharmacy were relevant to McPadden's claims, which they are not, such evidence still should be excluded because any limited probative value it may have is far outweighed by the risk of unfair prejudice to Walmart, as well as the unnecessary

and unreasonable delay that would result if such evidence is presented to the Jury. See Fed. R. Evid. 403.

Permitting McPadden to introduce testimony regarding conditions in the Seabrook pharmacy will significantly delay the trial. Currently, Walmart anticipates that McPadden will call fact witnesses Vickie Costa, Deborah Genna, Tiffany Ghent, Linda Meditz, Dorothea Wortley, Christina Carroll, Margaret Clifford, Elizabeth Gaw, David Kelly, and Heather Lake, as well as expert witness Donna Horn, to testify about conditions in the Seabrook pharmacy (including the staffing levels in the pharmacy, the training provided to pharmacy technicians, and errors that may have occurred in the pharmacy). Redundant and irrelevant testimony from these eleven witnesses will significantly delay the trial.

If the Court permits such testimony, Walmart will also have to introduce testimony from multiple witnesses that would, among other things, (a) explain Walmart's current and historical staffing procedures, (b) articulate the applicable laws and regulations enforced by the New Hampshire Board of Pharmacy regarding staffing, (c) clarify the circumstances of, as well as Walmart's investigation and response to, any errors that occurred in the Seabrook pharmacy, and (d) articulate how conditions in the Seabrook pharmacy compared to other national retail pharmacies.

Further, references to patient errors or unrelated personnel issues in the Seabrook pharmacy will prejudice Walmart and paint the company in a negative light.

## II. CONCLUSION

For the reasons set forth above, Walmart respectfully requests that the Court preclude McPadden from introducing any evidence at trial regarding the conditions in the Seabrook pharmacy.

          Respectfully submitted,

          WAL-MART STORES EAST, LP

          By its attorneys,

          /s/ Christopher B. Kaczmarek
          Christopher B. Kaczmarek (Bar No 17890)
          Joseph A. Lazazzero (*admitted pro hac vice*)
          **LITTLER MENDELSON, P.C.**
          One International Place, Suite 2700
          Boston, MA 02110
          Phone 617.378.6000
          Fax 617.737.0052
          ckaczmarek@littler.com

January 13, 2016          jlazazzero@littler.com

## CERTIFICATE OF SERVICE

I, Christopher B. Kaczmarek, hereby certify that on this 13th day of January, 2016, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

          /s/ Christopher B. Kaczmarek
          Christopher B. Kaczmarek

Firmwide:137744788.3 080000.1051