UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MAUREEN MCPADDEN,  )<br><br>PLAINTIFF  )<br><br>v.  )<br><br>WAL-MART STORES EAST, LP,  )<br><br>DEFENDANT.  ) | CIVIL ACTION NO. 1:14-cv-00475-SM |

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Defendant Wal-Mart Stores East, LP, by and through its attorneys, and pursuant to Fed. R. Civ. P. 51 and LR 16.2(b)(1), hereby submits the following proposed Jury Instructions Nos. 1 – 25 to be given to the jury at the close of evidence in this matter.  Walmart has included citations to Modern Federal Jury Instructions, Federal Jury Practice and Instructions, Model Jury Instructions, statutes and case law for the convenience of the Court.

Walmart also respectfully requests leave to submit revised additional requests based upon testimony and evidence admitted at trial or to conform with any rulings of law that the Court may render during the proceedings.

1

Respectfully submitted,

WAL-MART STORES EAST, LP

By its attorneys,

/s/ Christopher B. Kaczmarek

Christopher B. Kaczmarek (Bar No. 17890)
Joseph A. Lazazzero (*admitted pro hac vice*)
**LITTLER MENDELSON, P.C.**
One International Place, Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
ckaczmarek@littler.com
January 19, 2016                          jlazazzero@littler.com

## CERTIFICATE OF SERVICE

I, Christopher B. Kaczmarek, hereby certify that on this 19th day of January, 2016, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek

## PROPOSED JURY INSTRUCTION NO. 1

## JUROR ATTENTIVENESS

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

**Source**

*Modern Federal Jury Instructions* § 71.01

## PROPOSED JURY INSTRUCTION NO. 2

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said--or what I may say in these instructions--about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. You may not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven her case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render

in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

**<u>Source</u>**

*Modern Federal Jury Instructions* § 71.03

## PROPOSED JURY INSTRUCTION NO. 3

## SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

**Source**

*Modern Federal Jury Instructions* § 71.10.

## **PROPOSED JURY INSTRUCTION NO. 4**

## **JURORS' COMMON SENSE**

You are to use all of your common sense, experience, and good judgment in evaluating the evidence.

**Source**

*Model Jury Instruction* – Supplemental Instruction § 1.11.1(a)

## PROPOSED JURY INSTRUCTION NO. 5

## BURDEN OF PROOF

This is a civil case and, as such, Ms. McPadden has the burden of proving the material allegations of her complaint by a preponderance of the evidence.

If, after considering all of the testimony, you are satisfied that Ms. McPadden has carried her burden on each essential point as to which she has the burden of proof, then you must find for Ms. McPadden.  If after such consideration you find the testimony of both parties to be in balance or equally probable, then Ms. McPadden has failed to sustain her burden and you must find for Walmart.

**Sources**

*Modern Federal Jury Instructions* § 73.10; *Sheehan v. New Hampshire Liquor Comm'n*, 126 N.H. 473,476 (1985).

## PROPOSED JURY INSTRUCTION NO. 6

## PREPONDERANCE OF THE EVIDENCE

Ms. McPadden has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence.  If Ms. McPadden should fail to establish any essential element of her claim by a preponderance of the evidence, the jury should find for Walmart.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produced in your minds belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## Source

*Modern Federal Jury Instructions* § 73.01.

## PROPOSED JURY INSTRUCTION NO. 7

## EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose-- such as for the purpose of assessing a witness's credibility--you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations are intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**<u>Source</u>**

*Modern Federal Jury Instructions* § 74.01.

## PROPOSED JURY INSTRUCTION NO. 8

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses--something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.  The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.  That is all there is to circumstantial evidence. You infer on the basis of reason, experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (*e.g.*, a preponderance of) all the evidence presented.

### Source

*Modern Federal Jury Instructions* § 74.01.

12

## PROPOSED JURY INSTRUCTION NO. 9

## CREDIBILITY OF WITNESSES

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

### Source

*Federal Jury Practice and Instructions* §101:43.

## PROPOSED JURY INSTRUCTION NO. 10

## CORPORATE DEFENDANT

In this case, the defendant, Walmart, is a corporation.  The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

**Source**

*Modern Federal Jury Instructions* § 72.01.

## PROPOSED JURY INSTRUCTION NO. 11

## WRONGFUL DISCHARGE

When a person is hired by an employer without a contract, the employee is said to be an at-will employee.  There is no dispute in this case that Ms. McPadden was an at-will employee of Walmart.  Where, as here, the parties agree on employment at will, either party may terminate that agreement at any time, with or without cause. Thus, Walmart is free to discharge Ms. McPadden at any time and for any or no reason, as Walmart sees fit, regardless of whether or not Ms. McPadden has violated any company rule or policy. Likewise, Ms. McPadden is free to quit at any time, with or without a reason. There is, however, an exception. An employee has the opportunity to seek recovery of damages claiming wrongful termination of at-will employment in certain specific instances.

In order to prevail on such a claim, Ms. McPadden must prove, by a preponderance of the evidence, that:

1.     The termination was motivated by bad faith, malice, or retaliation; and

2.     The termination occurred because the employee performed some act that public policy would encourage or that she refused to perform an act which public policy would condemn.

Bad faith is the doing of an act not by mistake but by some interested or sinister motive. When an act is done with malice, it means not only ill will, evil motive, or intention to injure, but also a wanton disregard for the rights of others and the consequences likely to follow.

Retaliation is the doing of an act to punish a person because of some wrong, real or imagined, that that person supposedly committed against the person retaliating. It is described, in the vernacular, as "getting even."   As to the first element required to be proven by Ms. McPadden, any one of the foregoing would suffice.

15

The second element that must be proved is what I have referred to as the public policy exception; that is, that the cause of termination was because Ms. McPadden performed an act that public policy would encourage or refused to perform an act which public policy would condemn.

As an example of a person doing some act which public policy encourages, let us say that an employee is discharged because she reports for jury duty. Because jury duty is an act which public policy would encourage, and assuming that the employer acted with malice or bad faith, the employee may be entitled to seek damages for wrongful termination.

As an example of a person refusing to do an act which public policy would condemn, let us say that an employee is requested by her employer to falsify records for the IRS, the employee refuses, and her employer discharges him because of her refusal.  Again, if the employer acted with malice or in bad faith, or in retaliation, the employee may be entitled to recover her damages for wrongful termination because falsifying financial information for the IRS would be an act that public policy would condemn.

These are just examples of what we mean when we talk about the public policy exception. They are by no means exhaustive, and it is up to you to determine if the facts as proved in this case establish the existence of the public policy exception as I have defined it.

**<u>Sources</u>**

*NH Civil Jury Instructions* § 27.1*; Lacasse v. Spaulding Youth Ctr.*, 154 N.H. 246, 910 A.2d 1262 (2006); *Porter v. City of Manchester*, 151 N.H. 30, 849 A.2d 103 (2004).

## PROPOSED JURY INSTRUCTION NO. 12

## SEX DISCRIMINATION

Ms. McPadden accuses Walmart of sex discrimination in violation of federal law. To succeed on this claim, Ms. McPadden must prove by a preponderance of the evidence that Walmart took adverse employment action against her because of sex.

An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. The fact that an employee is unhappy with something his or her employer did or failed to do is not enough to make that act or omission an adverse employment action.

An employer takes adverse action against an employee only if it: (1) takes something of consequence away from the employee, for example by discharging or demoting the employee, reducing his or her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a customary benefit of the employment relationship, for example, by failing to follow a customary practice of considering the employee for promotion after a particular period of service.  An adverse employment action by a supervisor is an action of the employer.

Ms. McPadden need not show that sex discrimination was the only or predominant factor that motivated Walmart. In fact, you may decide that other factors were involved as well in Walmart's decision making process. In that event, in order for you to find for Ms. McPadden, you must find that she has proven that, although there were other factors, she would not have been terminated without the sex discrimination.

Walmart is free to terminate an employee for any nondiscriminatory reason even if its business judgment seems objectively unwise.  But you may consider the believability of an explanation in determining whether it is a cover-up or pretext for discrimination. In order to

succeed on the discrimination claim, Ms. McPadden must persuade you, by a preponderance of the evidence, that were it not for sex discrimination, she would not have been terminated.

Ms. McPadden is not required to produce direct evidence of unlawful motive.  You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other evidence—for example, explanations that you find were really pretextual. "Pretextual" means false or, though true, not the real reason for the action taken.

**<u>Source</u>**

*Pattern Jury Instructions for Cases of Employment Discrimination* § 1.1

**PROPOSED JURY INSTRUCTION NO. 13**

**DISABILITY DISCRIMINATION**

Ms. McPadden claims that Walmart discriminated against her because she had a disability by terminating her employment. Walmart denies Ms. McPadden's claims.

To succeed in this case, Ms. McPadden must prove each of the following by a preponderance of the evidence:

1.      Ms. McPadden had an impairment;

2.      This impairment substantially limited her ability to perform a major life activity;

3.      Walmart knew Ms. McPadden had a disability;

4.      Walmart terminated Ms. McPadden;

5.      Ms. McPadden was a qualified individual who could have performed the essential functions of the Pharmacist position when Walmart terminated her; and

6.      Walmart terminated Ms. McPadden because of her alleged disability.

If Ms. McPadden has failed to prove any of these elements, then your verdict must be for Walmart.

A "disability" is an impairment that substantially limits one or more major life activities. In determining whether Ms. McPadden's impairment substantially limits her ability to perform one or more major life activities, you should compare her ability to work with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment. Temporary impairments with little or no long-term impact are not sufficient.

In determining whether an impairment substantially limits a major life activity, you must consider the impairment without regard to the effects of such measures as medication, therapies,

19

or surgery. In doing so, you may consider evidence of the expected course of a particular disorder without medication, therapies, or surgery.

To prove that Ms. McPadden's disability was the reason for the termination, Ms. McPadden must prove that the individuals at Walmart who made the decision to terminate Ms. McPadden knew of her disability. You may consider evidence about information learned from communications with Ms. McPadden.

**<u>Source</u>**

*Modern Federal Jury Instructions § 11.8*

## PROPOSED JURY INSTRUCTION NO. 14

## RETALIATION (FMLA)

Ms. McPadden claims that she was terminated by Walmart in retaliation for requesting a leave of absence pursuant to the Family and Medical Leave Act (the "FMLA").

It is unlawful for an employer to retaliate against an employee for engaging in FMLA-protected activity.  FMLA-protected activity includes, but is not limited to, requesting or taking leave.

To prevail, Ms. McPadden must prove by a preponderance of the evidence that:

1.      She engaged in FMLA-protected activity;

2.      Walmart terminated her; and

3.      Walmart would not have terminated Ms. McPadden but for her engaging in FMLA-protected activity.

**Source**

*University of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013); *Palmquist v. Shinseki*, 689 F.3d 66, 77 (1st Cir. 2012); *Chase v. U.S. Postal Serv.*, No. 12-11182-DPW, 2013 U.S. Dist. LEXIS 157592, at *32 (D.Mass. Nov. 4, 2013).

## PROPOSED JURY INSTRUCTION NO. 15

## RETALIATION (WHISTLEBLOWERS' PROTECTION ACT)

Walmart cannot discharge, threaten or otherwise discriminate against Ms. McPadden because she, in good faith, reports what she has reasonable cause to believe is a violation of any law or rule adopted under the laws of this state. This does not apply unless Ms. McPadden first brings the alleged violation to the attention of a person having supervisory authority with Walmart, and then allows Walmart a reasonable opportunity to correct that violation, unless the employee had specific reason to believe that reporting such a violation to her employer would not result in a prompt remedy of the violation.

**Source**

*New Hampshire Civil Jury Instruction* § 27.5.

## PROPOSED JURY INSTRUCTION NO. 16

## COMPARATOR EVIDENCE

Ms. McPadden has sought to establish her claim of sex discrimination, disability discrimination and retaliation by arguing that similarly situated male employees, similarly situated non-disabled employees and employees who did not complain about conditions in the pharmacy or request FMLA leave did not receive the same discipline as Ms. McPadden for similar conduct.  To be similarly situated, Ms. McPadden must establish that other employees were similarly situated in all relevant respects; that they were disciplined by the same supervisor, that they were subject to the same standards, and engaged in the same conduct without mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.  In addition, to determine whether Ms. McPadden's misconduct is comparable in seriousness to that of employees outside her protected class, you should consider the gravity of the different offenses on a relative scale.

In considering this evidence, you must also keep in mind that unless the decision maker in Ms. McPadden's termination knew of the misconduct committed by similarly situated male employees, non-disabled employees, and employees who did not complain about conditions in the pharmacy or request FMLA leave, their misconduct cannot be considered in determining whether that decision maker showed favoritism toward other employees.

### Sources

*Conward v. Cambridge Sch. Comm.*, 171 F.3d 12, 20 (1st Cir. 1999).  *See, e.g.*, *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 17 (1st Cir. 1994); *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 19 (1st Cir. 1989); *Rosado v. Radio Shack, Inc.*, 312 F.3d 532, 534 (1st Cir. 2002); *Cruse v. G&J USA Publishing*, 96 F. Supp. 2d 320, 330 (S.D.N.Y. 2000); *Cardona Jimenez v. Bancomericio de P.R.*, 174 F.3d 36, 42 (1st Cir. 1999); *Rappaport v. Bernard Hodes Grp.*, No. 07-CV-11092-RGS, 2009 U.S. Dist. LEXIS 37766 at *1, *15 (D. Mass. May 4, 2009) (Stearns, J.); *Straughn v. Delta Air Lines, Inc.*, 250 F.3d 23, 41 (1st Cir. 2001).

## PROPOSED JURY INSTRUCTION NO. 17

## BUSINESS JUDGMENT

When assessing Ms. McPadden's claim that the reason given by Walmart for her termination is not true, you should focus on the motivation of Walmart, and not its business judgment.

While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal discrimination. The employer's stated legitimate reason must be reasonably articulated and nondiscriminatory, but does not have to be a reason that you, the jury, would act on or approve. An employer is entitled to make its own policy and business judgments, and may, for example, discharge an employee for failing to perform her job to the employer's satisfaction, as long as this is not a pretext for discrimination.   Likewise, you should disregard Ms. McPadden's personal opinion regarding her own job qualifications or performance, and instead focus on the Walmart's perceptions and judgment.

### Sources

*Shorette v. Rite Aid of Me., Inc.*, 155 F.3d 8, 15 (1st Cir. 1998) (claimant's "personal opinion regarding his own job qualifications is not sufficiently probative on the issue of pretext" because "it is the perception of the decision maker which is relevant, not the self-assessment of Plaintiff"); *Vega-Colon v. Wyeth Pharma.*, 625 F. 3d 22, 28 (1st Cir. 2010) (same).

## PROPOSED JURY INSTRUCTION NO. 18

## DAMAGES

The fact that I charge you on the measurement of damages is not, and should not be considered by you, as any indication that I think damages should be awarded.  I give you these instructions on damages solely because I am required to instruct you on all phases of the case that you might have to consider.  If Ms. McPadden has not proven her claims, then you will not consider the issue of damages at all.

If Ms. McPadden has proven to you that she was subjected to unlawful conduct by Walmart, then you must decide the amount of damages, if any, to award against Walmart that will fairly compensate Ms. McPadden.  The law does not require mathematical certainty in computing damages.  However, your computation of the damage award must be supported by the evidence; it cannot be based on speculation.

If you find for Ms. McPadden, then you may award damages in the following three areas:

      1. back pay,

      2. front pay, and

      3. emotional distress.

I will explain each to you.

## Sources

*Modern Federal Jury Instructions* § 77.01; *Syncom Indus., Inc. v. Wood*, 155 N.H. 73, 920 A.2d 1178 (2007); *Phillips v. Verax Corp.*, 138 N.H. 240, 637 A.2d 906 (1994); *Bailey v. Sommovigo*, 137 N.H. 526, 631 A.2d 913 (1993); *Fitz v. Coutinho*, 136 N.H. 721, 622 A.2d 1220 (1993); *Robert E. Tardiff, Inc. v. Twin Oaks Realty Trust*, 130 N.H. 673, 546 A.2d 1062 (1988); *Skandinavia, Inc. v. Cormier*, 128 N.H. 215, 514 A.2d 1250 (1986); *see also Atlas Truck Leasing, Inc. v. First New Hampshire Banks, Inc.*, 808 F.2d 902 (1st Cir. 1987).

## PROPOSED JURY INSTRUCTION NO. 19

## COMPENSATORY DAMAGES

Compensatory damages seek to make Ms. McPadden whole--that is, to compensate her for the damage suffered.

I remind you that you may award compensatory damages only for injuries that Ms. McPadden proves were proximately caused by  Walmart's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Ms. McPadden has actually suffered or which she is reasonably likely to suffer in the near future.

If you decide to award compensatory damages, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require Ms. McPadden to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

**Source**

*Modern Federal Jury Instructions* § 77.01

### PROPOSED JURY INSTRUCTION NO. 20

### BACK PAY

If you find for Ms. McPadden, she is entitled to back pay, which is the amount of her lost earnings from the date of her termination until today. This includes all lost bonuses, employment benefits, and health insurance benefits that would have accumulated but for Walmart's unlawful conduct. However, you should decrease this amount by any earnings and benefits actually received by Ms. McPadden from another employer since the date of termination.

**Source**

*Johnson v. Spencer Press of Maine, Inc.,* 364 F.3d 368 (1st Cir. 2004)

## PROPOSED JURY INSTRUCTION NO. 21

## FRONT PAY

If you find for Ms. McPadden, you may also award her front pay, which is the amount of damages resulting from the loss of future earnings and benefits that is attributable to the Walmart's misconduct.  Just because you find for Ms. McPadden does not mean you must, or should, award her front pay. If you do decide to award Ms. McPadden front pay, you cannot speculate in awarding these damages.  Rather, the determination of the amount of the award must be proven with reasonable certainty. You should make reasonable estimates based on the evidence concerning the amount of future earnings, including salary, bonuses, and benefits, that Ms. McPadden would have received but for the Walmart's unlawful conduct.

In determining front pay you should consider and weigh the following factors:

1. the amount of earnings, including salary and benefits, that Ms. McPadden probably would have received between now and her projected retirement date;

2. Ms. McPadden's probable date of retirement;

3. the amount of earnings that Ms. McPadden probably would have received from another employer until her retirement.  This, of course, would reduce any front pay award to Ms. McPadden. Ms. McPadden is under a duty to mitigate or lessen her losses by reasonable efforts to secure other employment. It is the Walmart's burden to prove any failure to mitigate;

4. the availability of other employment opportunities; and

5. the possibility of inflation and wage increases in the future.

If you award damages to Ms. McPadden for losses she will suffer in the future, keep in mind that Ms. McPadden cannot be awarded damages that overcompensate the losses that she suffered because of Walmart's conduct. In order to avoid overpaying Ms. McPadden, you must consider

28

that the amount of money you give Ms. McPadden today for future losses can be put in the bank, where it can earn interest. So, in making an award for future damages, you must determine the amount of money that, if invested today at a reasonable rate of interest, would in the future provide Ms. McPadden with the amount of money that you calculated she will lose in the future as a result of Walmart's conduct.

**<u>Sources</u>**

*Selgas v. Am. Airlines, Inc.,* 104 F.3d 9, 12 (1st Cir. 1997) ("front pay is available as an alternative to compensate the plaintiff from the conclusion of trial through the point at which the plaintiff can either return to the employer or obtain comparable employment elsewhere."); *Ford Motor Co. v. EEOC,* 458 U.S. 219, 234 (1982) (holding the court is not supposed to "catapult [the plaintiff] into a better position than [she] would have enjoyed in the absence of discrimination.")

## PROPOSED JURY INSTRUCTION NO. 22

## DAMAGES--NO MULTIPLE RECOVERY

Ms. McPadden cannot recover more than once for the same loss even if she alleges different theories of legal fault on the part of Walmart. Therefore, if Ms. McPadden's claims arise out of a common core of facts, only a single recovery will be made even if you find for Ms. McPadden on more than one of her claims.

**Sources**

*Transmedia Rest. Co. v. Devereaux*, 149 N.H. 454, 821 A.2d 983 (2003); *Phillips v. Verax Corp.*, 138 N.H. 240, 637 A.2d 906 (1994); *Cool Light Co., Inc. v. GTE Products Corp.*, 973 F.2d 31 (1st Cir. 1992) ("The law is clear that a party cannot recover multiple awards of damages for a single harm.").

## PROPOSED JURY INSTRUCTION NO. 23

## EMOTIONAL DISTRESS DAMAGES

If you find that Ms. McPadden has been discriminated against, you may also award her reasonable damages for her emotional distress. Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety, or humiliation suffered as a result of the discrimination. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence.

**Source**

*Model Jury Instruction* § 5.3.4

## PROPOSED JURY INSTRUCTION NO. 24

## EMPLOYEE'S DUTY TO MITIGATE DAMAGES

If you determine that Ms. McPadden was wrongfully terminated by Walmart, the court instructs you that Ms. McPadden had the duty to do everything reasonably possible to minimize her losses. A person who is wrongfully terminated cannot recover for losses that she could have prevented by making reasonable efforts to find other employment. "Reasonable efforts" means the efforts and expenditures that an average person in Ms. McPadden's circumstances would have made at that time and place to obtain and accept other employment.

Ms. McPadden's duty to make reasonable efforts to find other employment extends only to employment that is the same or substantially similar to Ms. McPadden's employment with Walmart. In seeking such employment, Ms. McPadden is only required to seek employment in the same geographical area where she lives. Ms. McPadden's duty to minimize losses does not require Ms. McPadden to accept other employment that is different or inferior to her employment with Walmart, nor is Ms. McPadden required to make expenditures in seeking employment that are disproportionate to her losses or beyond her means.

The issue for your determination is whether Ms. McPadden made reasonable efforts to minimize her losses by seeking substantially similar employment following termination by Walmart.

**Source**

*New Hampshire Civil Jury Instruction* § NS 27.101

## PROPOSED JURY INSTRUCTION NO. 25

## DAMAGES – CLOSING ARGUMENT

The amount of damages mentioned by counsel is not evidence in this case. A specific request for a total dollar amount made by Ms. McPadden's counsel is simply a request for recovery. In the event you find for Ms. McPadden, the amount of the verdict must be based solely on the evidence presented during the course of the trial and the law which I have given to you.

**Source**

*New Hampshire Civil Jury Instruction* § 9.20

Firmwide:135722584.6 080000.1051

33