UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MAUREEN MCPADDEN,<br><br>    PLAINTIFF<br><br>v.<br><br>WAL-MART STORES EAST, L.P.,<br><br>    DEFENDANT. | CIVIL ACTION NO. 1:14-cv-00475-SM |

**DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, MOTION FOR A NEW TRIAL, AND MOTION FOR REMITTITUR**

Pursuant to Rules 50(b) and 59 of the Federal Rules of Civil Procedure, defendant Wal-Mart Stores East, L.P. hereby renews its motion for judgment as a matter of law, moves for a new trial, and moves for remittitur.

Walmart respectfully requests that the Court direct the entry of judgment as a matter of law for Walmart, notwithstanding the jury's verdict, with respect to each of plaintiff Maureen McPadden's claims. As discussed in Walmart's Memorandum of Law, because McPadden failed to introduce sufficient evidence to satisfy her burden of showing that Walmart discriminated and/or retaliated against her, the Court should grant Walmart's renewed motion for judgment as a matter of law.

Alternatively, the Court should order a new trial. As discussed in Walmart's Memorandum of Law, given the flimsy nature of the evidence offered by McPadden, the jury's $31 million verdict clearly was excessive, against the great weight of the evidence, and so mistaken as to constitute a miscarriage of justice. Accordingly, the Court should order a new trial.

If the Court denies both of those motions, it should nonetheless substantially reduce the jury's awards of front pay and compensatory damages and completely eliminate the awards of enhanced compensatory damages and punitive damages.  Accordingly, as discussed in the accompanying Memorandum of Law. Walmart seeks a remittitur.

In support of its Motions, Walmart submits its Memorandum of Law filed contemporaneously herewith.

WHEREFORE, the Court should grant Walmart's renewed motion for judgment as a matter of law or, in the alternative, order a new trial or a remittitur.

In accordance with Local Rule 7.1(c), Walmart's counsel states that he conferred with McPadden's counsel via email on this date regarding Walmart's motions and McPadden does not assent to the relief requested herein.

Respectfully submitted,

**WAL-MART STORES EAST, L.P.**

By its attorneys,

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek (Bar No. 17890)
Joseph A. Lazazzero (*admitted pro hac vice*)
**LITTLER MENDELSON, P.C.**
One International Place
Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
ckaczmarek@littler.com
jlazazzaro@littler.com

March 1, 2016

2

## CERTIFICATE OF SERVICE

    I, Christopher B. Kaczmarek, hereby certify that on this 1st day of March, 2016, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

                                          /s/ Christopher B. Kaczmarek
                                          Christopher B. Kaczmarek

Firmwide:138900409.1 080000.1051